[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12572

_____

D. C. Docket No. 03-00406-CV-JOF-1

TOMMY DUKES,

Plaintiff-Appellant,

versus

STATE OF GEORGIA,
COWETA COUNTY,
MIKE YEAGER, Sheriff,
individually and in his official capacity,
SGT. BOBBY STROZIER,
MAJOR BLAKE ADCOCK, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 28, 2006)**

Before DUBINA and WILSON, Circuit Judges, and CORRIGAN,[*] District Judge.

PER CURIAM:

Tommy Dukes filed suit in the Northern District of Georgia raising both federal and state-law claims related to his arrest on February 20, 2001 and subsequent medical treatment received during his incarceration in the Coweta County Jail. The district court asserted supplemental jurisdiction over the pendent state-law claims under 28 U.S.C. § 1367. Defendants in the suit were the State of Georgia, Coweta County, Sheriff Mike Yeager, Major Blake Adcock, Sgt. Bobby Strozier, Nurse Jennie Adcock, Dr. Miriam Burnett & MJB Health Services, Inc. (collectively "Dr. Burnett"), Integrated Regional Laboratories ("IRL"), and ECHA Peachtree, LLC & ECHA, LLC (collectively "Emory"). The district court granted summary judgment on the Fourteenth Amendment deliberate indifference claims against Sheriff Yeager, Major Adcock, Nurse Adcock and Coweta County; ADA and Rehabilitation Act claims against Coweta County; a deliberate indifference claim against Dr. Burnett; state-law negligence claims against IRL and Emory; and Fourth Amendment claims against Sgt. Strozier. Dukes appeals the district court's grant of various defendants' motions to exclude Dukes's experts Dr. Greifinger and Dr. McGinnis, and the district court's grants of summary judgment in favor of

---

[*]Honorable Timothy J. Corrigan, United States District Judge for the Middle District of Florida, sitting by designation.

all defendants.

After considering the briefs and record in this case, and after having the benefit of oral argument, we find no error in the district court's exclusion of Dukes's experts or in its grants of summary judgment. Accordingly we affirm.

However, we note that a number of Dukes's state-law claims were dismissed without prejudice and may be refiled in state court. Under 28 U.S.C. § 1367(c), "district courts may decline to exercise supplemental jurisdiction over a [pendent state] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." In this case, the district court dismissed all federal claims without ruling on the merits of Dukes's pendent state-law claims against Dr. Burnett, Sheriff Yeager, or Nurse Adcock. The only state-law claims for which the district court granted summary judgment were negligence claims against IRL and Emory. When the district court dismissed the case, it declined to exercise jurisdiction over the remaining state-law claims. Thus, those claims are dismissed without prejudice. *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999) (holding that if the district court decides to dismiss pendent state-law claims, "then they should be dismissed without prejudice so that the claims may be refiled in the appropriate state court"). Furthermore, under § 1367, the statute of limitations of the remaining pendent claims "shall be tolled while the claim[s are] pending and

3

for a period of 30 days after [they are] dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d).

**AFFIRMED.**